UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARRYL L. JENNINGS, | Civil Action No. 11-4143 (PGS) |
| Petitioner, | |
| v. | OPINION |
| PAULA DOW, | |
| Respondent. | |

**SHERIDAN**, District Judge

Petitioner Darryl L. Jennings ("Petitioner"), a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons expressed below, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

**I. BACKGROUND**

In an Opinion and Order dated March 1, 2013, this Court ordered Petitioner to show cause why the petition should not be dismissed as timebarred. (ECF Nos. 5-6.) Petitioner submitted a response to this Court's Order on April 3, 2013 (ECF No. 7) and based on said response, the Court ordered Respondent to file an Answer to the Petition (ECF No. 8). On June 4, 2014, Respondent filed an Answer and provided the Court with the full procedural history of Petitioner's multiple cases. (ECF No. 13.)

> [P]etitioner's habeas petition subsumes four separate indictments in which some counts were resolved by way of two separate jury trials, and the rest were disposed of in one global plea agreement, which was entered into after two jury trials had taken place concerning counts that had all been severed by court order. One trial dealt with count 4 of Monmouth County Indictment No. 98-09-1750 (which had been amended from first-degree robbery to second-degree robbery),

and the other trial dealt with counts 5 and 6 of the same indictment (count 5 had been amended from first-degree robbery to second-degree robbery) and count 6 alleged second degree eluding. As amended, petitioner was found guilty as charged in both trials. The Indictments subsumed within that global plea agreement were Monmouth County Indictment Nos. 96-08-1436, 96-08-1438, 96-08-1439 and the remainder of Indictment No. 98-09-1750.

(Resp't's Answer 2) (citations to the record omitted).

The judgment of conviction for Petitioner's jury trial on Counts 5 and 6 of Indictment No. 98-09-1750 was filed on August 6, 1999. (*Id.* at 2-3.) The judgments of conviction for remaining charges contained in the four indictments subsumed within the plea agreement were all filed on April 18, 2000. (*Id.* at 3.) For the judgment of conviction regarding Counts 5 and 6 of Indictment No. 98-09-1750, Petitioner filed a direct appeal and the New Jersey Supreme Court denied certification on January 28, 2005. *State v. Jennings*, 866 A.2d 986 (2005). Petitioner did not file any post-conviction relief ("PCR") petition for that judgment of conviction. (*Id.*) The judgments of conviction for Petitioner's global plea agreement (all of Indictment No. 96-08-1436, all of Indictment No. 96-08-1438, all of Indictment No. 96-08-1439, and those counts in Indictment No. 98-09-1750 that had not been previously tried in the previously severed proceedings) were affirmed by the Appellate Division on September 18, 2001 and the New Jersey Supreme Court denied certification on January 10, 2002. *State v. Jennings*, 791 A.2d 220 (2002). Petitioner filed a PCR petition on that judgment of conviction on May 19, 2007. (Resp't's Br., Ex. 15.)

**II. ANALYSIS**

As discussed in this Court's prior opinion, in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). AEDPA's statute of

limitations must be applied "on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

The statute of limitations is statutorily tolled during the time in which properly filed state post-conviction relief petition is pending. *See* 28 U.S.C. § 2244(d)(2). The Third Circuit has explained that:

> [a] prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (emphasis omitted), including "time limits, no matter their form," *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669

3

> (2005). Thus, if a state court determines that an application is untimely, "'that [is] the end of the matter' for purposes of statutory tolling of AEDPA's limitation period, *id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)), "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226. But if a state court fails to rule clearly on the timeliness of an application, a federal court "must ... determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

*Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013). Furthermore, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

In the instant case, Petitioner raises eleven grounds for relief. (Pet., Ex. D.) Grounds One through Four arise out of his jury trial and subsequent conviction on Counts Five and Six of Monmouth County Indictment No. 98-09-1750. (Resp'ts' Br., Ex. 1, Def's Br. on Direct Appeal, *State v. Jennings*, Docket No. A-5232-00T4.) Grounds Five through Eleven in the Petition arise out of Petitioner's guilty plea to the global plea agreement consisting of Monmouth County Indictment Nos. 96-08-1436, 96-08-1438, 96-08-1439 and the remainder of Indictment No. 98-09-1750. (Resp'ts' Br., Ex. 15, Def's Appellate PCR Brief, *State v. Jennings*, Docket No. A-4539-07T4). With regard to Grounds One through Four, the New Jersey Supreme Court denied certification on January 28, 2005, *State v. Jennings*, 866 A.2d 986 (2005) and his conviction became final ninety days later, on or about April 28, 2005. Accordingly, unless the statute of limitations is tolled, the applicable statute of limitations for those claims expired a year later, on April 28, 2006. Since Petitioner did not file any PCR petition with regard to that judgment of conviction, statutory tolling does not save these untimely claims.

4

With regard to Grounds Five through Eleven, which arise out of the global plea agreement, the New Jersey Supreme Court denied certification on January 10, 2002, *State v. Jennings*, 791 A.2d 220 (2002), and his conviction became final ninety days later, on or about April 10, 2002. Accordingly, unless the statute of limitations is tolled, the applicable statute of limitations for those claims expired a year later, on April 10, 2003. Petitioner filed a PCR petition regarding this judgment of conviction on May 19, 2007, (Resp't's Br., Ex. 15), however the PCR petition was filed well after the statute of limitations had already expired in April 2003. Thus, statutorily tolling does not make those claims timely either. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed).

While statutory tolling does not save the petition, Petitioner may also be able to overcome the time bar if he can show a basis for equitable tolling. The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). In determining whether equitable tolling is appropriate, "the particular circumstances of each petitioner must be taken into account," *id.*, and each decision made a case-by-case basis. *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2563, 177 L.Ed.2d 130 (2010). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair,

5

but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S.Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d 784. Extraordinary circumstances may be found where: (1) the petitioner has been actively mislead; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

In response to the order to show cause, Petitioner states that he was "under the direction and guidance of the Office of Public Defenders" and if they had informed him of any proceedings that needed to be done in a timely matter, he would have consented. (Pet'r's Reply 3, ECF No. 7.) He attaches several exhibits to his response, including correspondence between the Public Defender's Office and himself. (*Id.* at Exs. A&D.) The correspondence is related to the appeal of his conviction on Count 4 of Indictment No. 98-09-1750, Docket No. A-5235-

6

00T4. However, Petitioner does not raise any claims regarding that conviction in his petition and as such, those documents are irrelevant to the Court's analysis.

Petitioner also includes a March, 19, 2004 letter from the Public Defender's Office providing him with a copy of the State's brief on direct appeal of his jury trial and subsequent conviction on Counts Five and Six of Monmouth County Indictment No. 98-09-1750, Docket No. A-5232-00T4. (*Id.* at Ex. G.) However, Petitioner's conviction in that case did not become final until April 2005, and therefore any correspondence prior to that date is irrelevant for statute of limitations purposes.

Finally, Petitioner also attaches an October 2008 letter from his PCR counsel (*Id.* at Ex. I), however, as discussed above, the statute of limitations on the claims arising from Petitioner's global plea agreement had already expired by the time Petitioner filed his PCR petition. As a result, the correspondence from counsel regarding that PCR petition has no bearing on the statute of limitations issue.

None of the documents submitted by Petitioner in response to this Court's order to show cause establish that he is entitled to equitable tolling. He has failed to show that "he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way." Therefore, the petition will be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## IV. CONCLUSION

The instant habeas petition will be dismissed as untimely. A certificate of appealability will not issue. An appropriate order follows.

Dated: 8/5/2014

_____
Peter G. Sheridan, U.S.D.J.